

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

JDG:DAS
F.# 2010R0100

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

April 5, 2013

**BY HAND & ECF**
The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Joanna Fan and Ziming Shen
       Criminal Docket No. 12-CR-68(DLI)

Dear Judge Irizarry:

      The parties respectfully submit this letter to notify the Court that the parties have reached an agreement regarding loss and restitution in the above-captioned matter.  As the Court is aware, the defendants misapplied federal funds provided through the Child and Adult Care Food Program ("the CACFP").  The misappropriation fell into two categories.  First, the defendants used $1,210,287.60 for various personal and business ventures, including the purchase of real estate, the payment of personal income tax and payments to Shen's furniture company.  Second, the defendants misappropriated $2,695,434.86 by transferring these funds to Supermarnet, a company owned by Shen.

      The government and the defendants therefore agree that the Sentencing Guidelines should be calculated based on a loss of greater than $2.5 million and less than $7 million, and thus an 18-point enhancement should apply pursuant to U.S.S.G. section 2B1.1(b)(1)(J).

      With respect to restitution, bank records reflect that, between June 2007 and August 2012, the defendants made repayments to the CACFP-designated account from which they had embezzled

funds.  These repayments totaled $1,695,345.[1]  Therefore, the parties agree that restitution in the amount of $2,210,377.46 should be imposed.

This agreement regarding restitution, however, is subject to back-up bank documentation of repayments made between 2010 and 2012.  The defendants have requested this documentation from their bank and will provide it to the government immediately upon receipt.  The parties agree that the government may revise its position on restitution based upon information contained in the back-up documentation.  If the government exercises this right, the defendants will not be entitled to withdraw any aspect of this agreement and the government will not be deemed to have breached this agreement.  The defendants may contest any such revision, however in no event will the defendants argue that restitution should be less than $2,210,377.46.

With respect to forfeiture, the parties are close to reaching an agreement, but require additional time to finalize their negotiations.  The parties therefore respectfully request an extension of time until Tuesday, April 9, 2013 at 5:00 p.m. to file a supplemental report with the Court regarding forfeiture.

The parties respectfully submit that the restitution and forfeiture amounts should be imposed jointly and severally.

                Respectfully submitted,

                LORETTA E. LYNCH
                UNITED STATES ATTORNEY

By: /s/ Daniel Spector
    Daniel A. Spector
    Assistant U.S. Attorney
    (718) 254-6345

cc: Enrico Demarco, Esq.
    John Iannuzzi, Esq.

---

[1] This figure is calculated by adding the total amount embezzled ($1,210,287.60 + $2,695,434.86 = $3,905,722.46) and then subtracting the total amount of repayments ($3,905,722.46 - $1,695,345 = $2,210,377.46).