**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

-against-

ZIMING SHEN,

Defendant.
-----------------------------------------------------------x

**SUMMARY ORDER**

12-CR-68 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

Ziming Shen ("Defendant") was convicted, upon his plea of guilty, of embezzlement in violation of 18 U.S.C. § 666. On October 10, 2013, this Court sentenced Defendant to five years of probation and Ordered him, *inter alia*, to pay restitution.[1] On October 24, 2013, Defendant moved the Court to correct his sentence, pursuant to Federal Rule of Criminal Procedure 35(a), on the grounds that the Court erred in calculating the number of victims to whom restitution is owed and the apportionment of restitution among the victims. (Mot., Doc. Entry No. 99.) The government opposes. (Resp., Doc. Entry No. 102.) For the reasons set forth below, Defendant's motion is denied in its entirety.

## DISCUSSION[2]

**A.    Jurisdiction**

Federal Rule of Criminal Procedure 35(a) ("Rule 35") permits a court to correct, "[w]ithin 14 days after sentencing," "a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Second Circuit has held that the time limit imposed by Rule 35 is jurisdictional, and that "a court may not make sentence corrections outside of the" time period provided by the rule. *United States v. Bernabal*, 22 F. App'x 37, 40

---

[1] On October 28, 2013, Defendant filed a notice of appeal.

[2] Familiarity with the facts underlying this case is assumed.

(2d Cir. 2001) (citing *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995)). Although the Second Circuit has not explicitly addressed the issue, other Circuits have held that the district court loses jurisdiction to correct a sentence after fourteen days, even where, as here, a defendant makes a timely motion under Rule 35. *See United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012) (finding that the district court lacked jurisdiction to entertain a Rule 35 claim after the fourteen-day period had elapsed, even though the motion was timely filed); *United States v. Higgs*, 504 F.3d 456, 458-59 (3d Cir. 2007) (finding that the time limit imposed by Rule 35 applies not to a defendant's motion, but to the district court's action); *United States v. Morillo*, 8 F.3d 864, 869 (1st Cir. 1993) (finding, in the context of a previous version of Rule 35, that "if a motion is timely made but is not decided within the seven-day period, the judge's power to act under the rule subsides and the pending motion is deemed to be denied as of that date"). Moreover, in *Abreu-Cabrera*, the Second Circuit Court of Appeals cited with approval the First Circuit's finding that a motion made within the statutory period does not extend the district court's power to act under Rule 35. *United States v. Abreu-Cabrera*, 64 F.3d at 74 (citing *United States v. Morillo*, 8 F.3d 864, 869 (1st Cir. 1993)).

This Court sentenced Defendant on October 10, 2013, and Defendant filed this motion on October 24, 2013. Thus, Defendant's motion was timely filed, albeit barely, as conceded by the government. In the interest of fairness and due process, the government was given an opportunity to oppose the motion, and Defendant replied. Nevertheless, this Court no longer has jurisdiction to rule on Defendant's motion.

Defendant's pending appeal of this Court's judgment also divests this Court of jurisdiction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (holding that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

involved in the appeal"); *Negron v. United States*, 394 F. App'x 788, 792 (2d Cir. 2010) (same). A district court may not amend a sentence that is currently under appellate review.

**B.     Merits**

Even assuming, *arguendo*, that the Court does have jurisdiction, Defendant's argument is wholly lacking in merit. The authority to correct a sentence under Rule 35 "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." *United States v. Donoso*, 521 F.3d 144, 146 (2d Cir. 2008) (citing *United States v. Abreu-Cabrera*, 64 F.3d at 72). "Rule 35(a) does not authorize a sentencing court to reconsider either the facts or the sentencing guidelines underlying its originally imposed sentence." *United States v. Eberhard*, 2005 WL 2172031, at *2 (S.D.N.Y. Sept. 8, 2005) (citing *United States v. Abreu-Cabrera*, 64 F.3d at 72).

Defendant argues that the Court erred by: 1) finding that Defendant owed restitution to only one victim – the United States Department of Agriculture ("DOA") – rather than to both the DOA and the Red Apple Child Development Center ("Red Apple"), and 2) apportioning 100% of the restitution owed to the DOA. (*See* Mot.) These issues were extensively briefed by the parties and addressed by the Court at the sentencing hearing. Although Defendant conceded that he agreed with the government as to the restitution amount (Tr. at 23, Doc. Entry No. 102-1), he argued that a portion of the restitution should be paid to Red Apple, an entity owned and controlled by Defendant and his co-defendant wife. (*Id.*)

The Court found that the entire restitution amount was owed to the DOA, because the money allegedly embezzled from Red Apple was obtained by fraud. (*Id.* at 24.) Any "funds [that] were not fully used [by Red Apple] for the purpose that they were intended" did not belong to Red Apple and would have to be returned to the DOA. (*Id.* at 24-25.) Moreover, as

Defendant readily concedes, "if the victim is owned or controlled by the defendant, then surely it would be inappropriate to compensate the defendant's business for his own fraud." (Mot. at 3.) Considerations of public policy do not permit this Court to direct that restitution be paid to the Defendant's organization, which was used by him and his wife "as a vehicle to commit the fraud" for which he was convicted. (Tr. at 24.)

Accordingly, Rule 35 does not authorize the Court to correct Defendant's sentence, which the Court reached after full consideration of the record and the parties' arguments.

## CONCLUSION

For the reasons stated herein, Defendant's motion is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       January 16, 2014

/s/
DORA L. IRIZARRY
United States District Judge