

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DAS
F.#2010R00100

271 Cadman Plaza East
Brooklyn, New York 11201

December 10, 2015

**BY HAND & ECF**
The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Ziming Shen
     Criminal Docket No. 12-CR-68 (DLI)

Dear Judge Irizarry:

   The government respectfully submits this letter in connection with the scheduled re-sentencing for the defendant's violation of probation in the above-captioned matter, currently scheduled for Friday, December 11, 2015 at 2:00 p.m. As the Court is aware, on November 30, 2015 this Court revoked the defendant's probation, and resentenced the defendant to two weeks' imprisonment, three years supervised release, and an additional 600 hours of community service. On December 4, 2015, the Probation Department filed a report informing the Court that, pursuant to statute (18 U.S.C. § 3585(b)(1))[1] the Bureau of Prisons intended to credit the defendant with the 401 days he had already served on the underlying crime, and as a result the defendant would not serve any additional time for the probation violation, unless he was resentenced. The Probation Department

---

[1] Section 3585(b)(1) provides, in relevant part, that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences [] as a result of the offense for which the sentence was imposed". The Supreme Court has held that punishment for violating the terms of probation is punishment for the original offense. Johnson v. United States, 529 U.S. 694 (2000); see also, United States v. Meeks, 25 F.3d 1117, 1121-22 (2d Cir. 1994).

therefore requested that the Court conduct resentence the defendant, pursuant to Rule 35, to time served plus two weeks' imprisonment.

The government concurs with the Probation Department. The Second Circuit has addressed this question in United States v. Waters, 84 F.3d 86 (2d Cir. 1996). There, the defendant had previously served eight months in custody, and the district court revoked the defendant's supervised release and sentenced him to a term of six months. Shortly thereafter, the Probation Department informed the district court that the Bureau of Prisons intended to credit the defendant for the eight months he had already served, and accordingly planned to release him immediately. The district court therefore resentenced the defendant, pursuant to Rule 35, to fourteen months.

In affirming the resentencing, the Second Circuit noted that, at the initial sentencing, the district court had clearly erred by failing to consider 18 U.S.C. §3585 and U.S.S.G. §7B1.3(e), "a policy statement that instructs district courts to increase the term of imprisonment for a violation of supervised release 'by the amount of time in official detention that will be credited toward §3585(b).'" Waters, 84 F.3d at 88 (quoting U.S.S.G. §7B1.3(e)).

The government respectfully submits that, as in Waters, the initial sentence in the instant case "resulted from arithmetical, technical or other clear error" and that resentencing is therefore permissible and appropriate pursuant to Rule 35.

                                        Respectfully Submitted,

                                        ROBERT L. CAPERS
                                        United States Attorney

                    By:   /s/Daniel Spector
                          Daniel A. Spector
                          Assistant U.S. Attorney
                          (718) 254-6345

Cc: Steve Zissou, Esq. (by ECF)