# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361 | 718.279.4500 | stevezissou@stevezissouesq.com

December 11, 2015

**By ECF - Hard Courtesy Copy To Follow**

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Ziming Shen*
                12 Cr. 068 (DLI)

Dear Judge Irizarry:

      I write in response to the government's letter dated December 10, 2015 (ecf#189) and in anticipation of a resentence hearing currently scheduled for December 11, 2015. For the reasons set forth below, we object to resentencing in this case since doing so is not supported by Rule 35 of the Federal Rules of Criminal Procedure or or any other lawful authority.

## Background

      On November 30, 2015, this Court revoked the defendant's probation, and resentenced him to two weeks imprisonment, three years supervised release, and a period of community service. On December 4, 2015, the Probation Department filed a report informing the Court that, a representative of the Bureau of Prisons advised that the defendant was eligible for jail credit for the 401 days he had already served on the underlying crime. The Probation Department suggested that the Court could resentence the defendant, pursuant to Rule 35, to time served plus two weeks imprisonment. Following the submission by the probation department, the Court *sua sponte* vacated the sentence that had been imposed (ecf#188).

      In support of the suggestion made by the United States Probation Department, the government, citing *United States v. Waters*, 84 F.3d 86 (2d Cir. 1996), takes the position that Rule 35(a) will not be violated should the Court adopt the proposal and resentence the defendant to a term of imprisonment that is approximately thirty times greater than the 14 day term that was originally imposed. The government's reliance on *Waters* is misplaced. The Second Circuit has more recently made clear that a court's authority to change the oral pronouncement of sentence is extremely limited and applies only to errors that would result in remand. In *United States. v. Donoso*, 521 F.3d 144, 146 (2d Cir.2008), the Court made these limitation abundantly clear:

> "A district court's decision to correct a sentence pursuant to Rule 35(a) is subject to review for abuse of discretion. The rule is

> intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, *errors which would almost certainly result in a remand of the case to the trial court for further action*." (Internal quotes omitted) (Emphasis added)

See also: *United States. v. Arroyo*, 434 F.3d 835, 838 (6th Cir.2006)("We have approvingly quoted the Second Circuit in expounding on the narrow scope of Rule 35(a), noting that "if [an error] did not constitute an obvious error or mistake that would have resulted in a remand by this Court," it is outside of Rule 35(a)'s narrow purview" (internal quotes omitted); *United States Kurti*, No. 11-CR-486 (DLI)(EDNY 2014) "Rule 35(a) does not authorize a sentencing court to reconsider either the facts or the sentencing guidelines underlying its originally imposed sentence."); *United States v. Shen*, No. 12-CR-68 (DLI) (EDNY 2014)(same); cf. Fed.R.Crim.P. 35(c) ("As used in this rule, 'sentencing' means the oral announcement of the sentence.").

As discussed in the Advisory Committee Notes to the 1991 Amendments to Rule 35(a) (emphasis added):

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). <u>The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.</u> Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing. *See, e.g., United States v. Jones,* 899 F.2d 1097 (11th Cir. 1990).

That the defendant might be entitled to unused credit for time served in this case was hardly a surprise. Indeed, at his original sentence hearing on October 10, 2013, the Court made it clear that instead of time served and supervised release, the Court was sentencing the defendant to five years of probation so that the period of supervision would be two years longer than the maximum three year term of supervision that would otherwise have been available (ecf# 108, Tr. 45-46):

> THE COURT: I want you to understand why it is not time served and probation. Because, aside from whatever happens in the assault case, I am not counting that, but if you should engage in illegal conduct of any kind during those five years of probation or

> violate the conditions of probation that I impose or that probation imposes, I am not going to be so inclined to pay attention to all of these other things. I will simply send to you jail for a very long time, because I will have available to me all the sentencing options that are available to me today. That includes the guideline range of 37 to 46 months and also a sentence all the way up to ten years.
>
> Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: The difference with time served is that you would then have a supervised release term. In all likelihood, three years. If you violated the conditions, the most jail time you could receive is two years and maybe followed by an extra year of supervised release. That's the maximum penalty that you could get. So I want you to understand that there will still be a hammer over your head.

In light of the Circuit Court's narrowing of *Waters* and the fact that this court was aware of the time already served when it imposed the resentence, we respectfully suggest this court lacks the power to now change the sentence under Rule 35.

Thank you very much for your consideration in this matter.

Respectfully submitted,

*Steve Zissou*

Steve Zissou

cc: All parties of record (by ecf/email)