# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361| 718.279.4500 | stevezissou@stevezissouesq.com

December 28, 2015

**By ECF - Hard Courtesy Copy To Follow**

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   ***United States v. Ziming Shen***
> **12 Cr. 068 (DLI)**

Dear Judge Irizarry:

For the reasons set forth below, we write to request that the Court reconsider its decision denying a stay of sentence/bail pending appeal for the defendant, Ziming Shen, issued on December 23, 2015.  Mr. Shen has been ordered to surrender on January 4, 2016.

## I.        Procedural Background

On November 30, 2015, this Court revoked the defendant's probation, and resentenced him to two weeks imprisonment, three years supervised release, and a period of community service.  On December 4, 2015, the Court *sua sponte* vacated the sentence that had been imposed (ecf#188).  On December 11, 2015, the Court resentenced the defendant to time served plus 14 days in custody along with all of the conditions of supervised released that had been previously imposed.  A notice of appeal was filed on December 22, 2015 (ecf# 191).  The written judgement was also filed on December 22, 2015 (ecf# 193).

## II.        Compliance With Prior Release Conditions

As we wrote in a prior letter request for bail pending appeal, "since the time that he was served with written notice that he was facing a violation of probation ("VOP") in April of 2014, Mr. Shen has never given the slightest indication that he posed a risk of flight or danger to others."  At his initial appearance in connection with this (VOP) proceeding, Mr. Shen was released without bail.  He made each and every court appearance and complied with the conditions of probation that had previously been imposed.  There was no finding that Mr. Shen posed a risk of flight and/or a danger to the community notwithstanding the fact that he faced resentence of up to 10 years in jail.  Indeed, as his written designation request filed on December 4, 2015 confirms (ecf# 185), Mr. Shen was prepared to surrender, as directed, on December 7, 2015.  And he remained so until his sentence was vacated *sua sponte* by the Court later on that same day (ecf# 188). The order vacating his sentence *followed* the denial of his request to be designated to the Metropolitan Correctional Center (MCC New York).

Page 2 of  6

In the docketed order denying our request for relief, the Court wrote that *"the defendant's review of the circumstances of this case are not accurate."*  We write now, at least in part, to clear up any misunderstanding in the record. To begin, neither Mr. Shen, nor counsel, meant to mislead this, or any other court, regarding a prior violation that occurred in September of 2012 during proceedings related to the underlying case (ecf# 33).  Instead, and for the reasons set forth below, it is respectfully submitted that Mr. Shen's violation of the conditions of his release do not undermine the premise that he is neither a risk of flight nor a danger to the community.

### A.       The Prior Violation

Following his arrest in this case pursuant to a complaint filed in the Eastern District of New York, on September 16, 2011, Mr. Shen was released on a $750,000 secured bond (ecf# 10).  On April 12, 2012, he entered a guilty plea to an information charging him with the misuse of federal funds in violation of 18 U.S.C. 666 (ecf# 24), a felony punishable by up to 10 years in prison.  At the change of plea hearing, he was continued on bond.

Approximately one year after his initial appearance, Mr. Shen's Pretrial Services officer was notified that he submitted an application for a United States passport in violation of the terms and conditions of release. A Department of State representative related that Mr. Shen submitted a passport application on August 28, 2012, at a U.S. Post Office in Brooklyn, New York. As part of his application, Mr. Shen indicated the reason for this passport application was to replace a "lost" passport and to use the document for a planned 7-day trip to China on September 10, 2012.  A bail violation hearing was scheduled for September 7, 2012.

### B.       The Defendant's Proffer

Mr. Shen appeared *voluntarily* at the bail revocation hearing that was held on September 7, 2012 knowing full well that he was likely to be remanded.  At the hearing, through counsel, Mr. Shen acknowledged that he had applied for a passport and explained that he was motivated by a business concern (upon information and belief, a summons issued by a court in China to appear in connection with an action for seizure of property).  The defendant and counsel also insisted that he did not intend to flee.  Counsel also submitted documents, including a *round-trip* plane ticket, purporting to show that a serious financial matter had arisen and that Mr. Shen acted imprudently in response  (ecf# 35, detention hearing transcript).   Following the arguments of counsel, Mr. Shen was remanded pending sentence (ecf# 33).

### III.     The Timing Of The Defendant's Request For Bail Pending Appeal

We also write address the Court's "concern" regarding the timing of the defendant's request for a stay of the execution of sentence/bail pending appeal as expressed in its order denying such relief entered in the public docket on December 23, 2015, in pertinent part, as follows:

> As an initial matter, the Court is disturbed by the defendant's belated request made on the eve of a holiday during which the Court will be unavailable and which makes exceptionally difficult

a response from the government. The defendant could have made his request at the sentence hearing on December 11, 2015, when all the parties were present, given that he had the clear intention to appeal from the judgment of the Court.

Pursuant to Rule 4(b) Federal Rules of Appellate Procedure, as the Court is, of course, well aware, a defendant has 14 days from the date that the judgement is entered to file a written notice of appeal. The judgement in this case was filed on December 22, 2015 (ecf# 193). The defendant's written request for a stay of the execution of sentence/bail pending appeal was filed on December 23, 2015 (ecf# 195).

The 14 day window provided by Rule 4(b) is important to allow a defendant a sufficient opportunity to assess whether or not appeal of a district court judgement is appropriate. It is rarely a decision that can be made at the time that sentence is actually imposed since a defendant will not have advance warning exactly what the sentence will be. As a result of this reality, in the absence of a full and fair opportunity to confer with counsel and reflect upon appellate realities, a defendant is seldom in a position to make such a decision on the day of sentence. And it is counsel's ethical obligation to ensure that his or her client makes that decision with a complete understanding of the pros and cons of doing so.

Accordingly, a decision whether or not to appeal, let alone to request collateral relief, is one that should not be advanced without a sufficient opportunity for ample consideration and reflection. While the defendant "could have" made an application for a stay of the execution of sentence/bail pending appeal at the time that sentence was imposed on December 11, 2015, it would not have been prudent to do so at that time. Instead, Mr. Shen conferred with counsel and other advisors along with his family before deciding to do so.

Given the impending January 4, 2016 surrender date, once the decision was made that a non-frivolous legal issue existed, a notice of appeal was timely filed followed by an application for a stay of sentence/bail pending appeal. No consideration was given as to whether or not filing on December 23, 2015 would create some benefit to the defendant. However, we deeply regret any inconvenience that our filing may have caused the Court.

## V.     The Applicable Law

Title 18 U.S.C. § 3143(b), provides, in relevant part, that the court shall order the defendant released on appeal if:

(1)     the defendant demonstrates by clear and convincing evidence that he poses no risk of flight or danger to any other person or to the community; and

(2)     the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal; an order for new trial; a sentence that does not include a term of imprisonment; or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Page 4 of 6

### A.      Mr. Shen Has Deep Roots In the Community

Ziming Shen was born on August 30, 1958, in Shanghai, China.  His mother died in 1976 and his father in 2005.  He has one sister, Wanyan Shen, who resides in Brooklyn, New York. Mr. Shen has resided in the United States for more than 25 years. He left China in 1987 to attend college in San Francisco, California.  He received a graduate degree from St. John's University, New York, in 1990.  He earned US citizenship in New York City on July 8, 1997.  He has continuously resided in the New York metro area since 1989.  Following his educational pursuits, Mr. Shen went into business.  Mr. Shen and Ms. Fan opened a number of preschools located throughout the New York City area servicing approximately 6000 students with hundreds of employees.  They have combined assets totaling more than 30 million dollars, all of which are located within the United States, mostly in real estate located within New York City.

Mr. Shen married his wife, Joanna Fan, in Shanghai, on August 8, 1987.  Together they have three children, Ziming Shen, Jr., Edwin Shen and Edward Shen.  All were born in the United States and reside with their parents in New York City.

### B.      Mr. Shen Poses No Risk Of Flight Or Danger To Others

Since the time that he was served with written notice that he was facing a violation of probation in April of 2014, Mr. Shen has given every indication that he does not pose a risk of flight. In the course of the proceedings in this case, he appeared in court on each and every occasion which was required.  He did so knowing that he faced the possibility that might be found to have violated probation and sentenced to a lengthy period of incarceration.

As demonstrated above, Mr. Shen is an *American* with deep and permanent roots in the United States.  The notion that he would choose to become an international fugitive rather than serving a 14 day jail sentence is simply not supported by the available evidence.  In short, there is clear and convincing evidence that Mr. Shen is not a risk of flight or a danger to the community.

However, we appreciate that the prior violation of the conditions of release might be a concern to the Court.  Accordingly, it is respectfully requested that he be granted bail pending appeal subject to a one million dollar fully secured bond.

### C.      The Appeal Is Not For The Purpose Of Delay

There is no basis for contending that Mr. Shen is appealing for the purpose of delaying the final disposition of him case. Mr. Shen is certainly entitled to challenge the substantive and procural reasonableness of his sentence in the United States Court of Appeals for the Second Circuit. There is no indication from the record of the proceedings in this Court that Mr. Shen ever engaged in any actions designed to delay the disposition of him case.  Thus, it cannot be concluded that Mr. Shen has exhibited a pattern of delay in his case.

Page 5 of 6

**D.      Mr. Shen's Appeal Presents Substantial Questions Of Law Likely To Result In No Imprisonment Beyond Time Already Served**

Mr. Shen has meritorious grounds to challenge the substantive and procedural reasonableness of his sentence in the Court of Appeals. In any event, as set forth below, it cannot be contended that Mr. Shen's appeal is either frivolous or calculated to delay the disposition in this case.

**1.      This Court's Analysis Of Rule 35(a) Presents A Substantial Question**

Relying on *United States v. Waters*, 84 F.3d 86 (2d Cir. 1996), this Court concluded that Rule 35(a) provided the legal basis upon which the defendant could be resentenced to a term of imprisonment that was substantively different from the sentenced imposed just one week before. The Courts's reliance on *Waters* was misplaced.  The Second Circuit has more recently made clear that a court's authority to change the oral pronouncement of sentence is extremely limited and applies only to errors  that would result in remand.  In *United States. v. Donoso*, 521 F.3d 144, 146 (2d Cir.2008), the Court made this limitation abundantly clear:

> A district court's decision to correct a sentence pursuant to Rule 35(a) is subject to review for abuse of discretion. The rule is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." (Internal quotes omitted) (Emphasis added)

As discussed in the Advisory Committee Notes to the 1991 Amendments to Rule 35(a) (emphasis added):

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

See, e.g., *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990).   That the defendant might be entitled to unused credit for time served in this case was hardly a surprise.  Indeed, at his original

Page 6 of 6

sentence hearing on October 10, 2013, the Court made it clear that instead of time served and supervised release, the Court was sentencing the defendant to five years of probation so that the period of supervision would be two years longer than the maximum three year term of supervision that would otherwise have been available (ecf# 108, Tr. 45-46):

> THE COURT: I want you to understand why it is not time served and probation. Because, aside from whatever happens in the assault case, I am not counting that, but if you should engage in illegal conduct of any kind during those five years of probation or violate the conditions of probation that I impose or that probation imposes, I am not going to be so inclined to pay attention to all of these other things. I will simply send to you jail for a very long time, because I will have available to me all the sentencing options that are available to me today. That includes the guideline range of 37 to 46 months and also a sentence all the way up to ten years.

Since there is no question that Mr. Shen has the absolute right to ask the Court of Appeals to review this Court's determination of the procedural and substantive reasonableness of his sentence, and in view of the fact that the jail portion of his sentence will have long been served before such a review is completed, it follows that bail pending appeal is appropriate in this case.

### Conclusion/Alternative Relief

Accordingly, for all of the foregoing reasons, Shen Mr. Shen respectfully requests that this Court grant his motion for a stay of the execution of sentence/bail pending appeal.

In the alternative, we respectfully request that the surrender order be stayed for 30 days so that we can seek review of this Court's decision in the United States Court of Appeals for the Second Circuit

Thank you very much for your consideration in this matter.

Respectfully submitted,

Steve Zissou

Steve Zissou

cc: All parties of record (by ecf/email)